**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SOCIAL POSITIONING INPUT** | § | |
| **SYSTEMS, LLC,** | § | **CASE NO. 4:21-CV-01557** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| **MOBISOFT INFOTECH, LLC,** | § | **PATENT CASE** |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND CLAIMS**</u>

Defendant Mobisoft Infotech, LLC ("Defendant" and/or "Mobisoft" herein) comes before this Court and hereby files this Defendant's Original Answer, Affirmative Defenses[1] and Counter-Claims (Defendant's "Original Answer"), responding to Plaintiff's Complaint (the "Complaint") filed by Social Positioning Input Systems, LLC ("Plaintiff" and/or "SPIS"), and in support thereof would show unto the Court as follows:

## I.  <u>DEFENDANT'S ORIGINAL ANSWER</u>

1.  Paragraph 1 of the Complaint does not contain factual allegations that require a response.

2.  Paragraph 2 of the Complaint does not contain factual allegations that require a response.

---

[1] Mobisoft denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3.      Mobisoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint insofar as it is a Texas limited liability company with an office located at 1811 Bering Dr., Suite 200, Houston, Texas 77057, and denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Defendant does not dispute the jurisdictional allegations contained in Paragraph 5 of the Complaint, as Mobisoft does business within the State of Texas, but denies all other factual allegations contained in Paragraph 5 of the Complaint

6.      Defendant denies all factual allegations contained in Paragraph 6 of the Complaint.

7.      Defendant does not contest venue is proper in this case.  Mobisoft admits it has a place of business in this District, but denies the remaining factual allegations contained in Paragraph 7 of the Complaint.

<u>COUNT I</u>
<u>(ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365</u>

8.      Mobisoft incorporates paragraphs 1 through 7 herein by reference.

9.      Paragraph 9 of the Complaint does not contain factual allegations that require a response.

10.      Defendant lacks the knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 10 of the Complaint, and on that basis denies all such allegations.

11.      Defendant admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it

is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12.     Defendant denies the factual allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the factual allegations in Paragraph 13 of the Complaint.

14.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 14 of the Complaint because the alleged '365 Patent is so general and broad that it lacks novelty calling into question its validity and, because the alleged '365 Patent is too vague, Defendant is unable to discern it compared with other similar products to make a determination at this time, thus, on that basis, Defendant denies the factual allegations in Paragraph 14 of the Complaint.

15.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 15 of the Complaint because the alleged '365 Patent is so general and broad that it lacks novelty calling into question its validity and, because the alleged '365 Patent is too vague, Defendant is unable to discern it compared with other similar products to make a determination at this time, thus, on that basis, Defendant denies the factual allegations in Paragraph 15 of the Complaint.

16.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 16 of the Complaint because the alleged '365 Patent is so general and broad that it lacks novelty calling into question its validity and, because the alleged '365 Patent is too vague, Defendant is unable to discern it compared with other similar products to make a determination at this time, thus, on that basis, Defendant denies the factual allegations in Paragraph 16 of the Complaint.

17.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 17 of the Complaint because the alleged '365 Patent is so general and broad that it lacks novelty calling into question its validity and, because the alleged '365 Patent is too vague, Defendant is unable to discern it compared with other similar products to make a determination at this time, thus, on that basis, Defendant denies the factual allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the factual allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the factual allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the factual allegations in Paragraph 20 of the Complaint.

<u>PRAYER FOR RELIEF</u>

21.     Mobisoft denies the Plaintiff is entitled to any relief from Mobisoft and denies all the allegations contained in Paragraphs (a)-(e) (including any subparts) of Plaintiff's Prayer for Relief.

## II.     <u>AFFIRMATIVE DEFENSES</u>

22.     Mobisoft's Affirmative Defenses are listed below.  Defendant reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

<u>FIRST AFFIRMATIVE DEFENSE</u>

23.     Mobisoft has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '365 Patent.

4

## SECOND AFFIRMATIVE DEFENSE

24.     Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

25.     To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Mobisoft's actions allegedly infringe the '365 Patent, Mobisoft is not liable to Plaintiff for the acts alleged to have been performed before Mobisoft received actual notice that it was allegedly infringing the '365 Patent.

## FOURTH AFFIRMATIVE DEFENSE

26.     To the extent that Plaintiff asserts that Mobisoft indirectly infringes, either by contributory infringement or inducement of infringement, Mobisoft is not liable to Plaintiff for the acts alleged to have been performed before Mobisoft knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

27.     The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Mobisoft.

## SIXTH AFFIRMATIVE DEFENSE

28.     To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

30.     Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Mobisoft practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by Claim 1 of the '365 Patent.

## NINTH AFFIRMATIVE DEFENSE

31.     Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

<u>TENTH AFFIRMATIVE DEFENSE</u>

32.     Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.  Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

33.     Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

34.     Should Mobisoft be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

### III.     **MOBISOFT'S COUNTERCLAIMS**

35.     For its counterclaims against Plaintiff Social Positioning Input Systems, LLC ("SPIS"), Counterclaim Plaintiff Mobisoft Infotech, LLC ( "Mobisoft"), alleges as follows:

<u>PARTIES</u>

36.     Counterclaim Plaintiff Mobisoft is a Texas limited liability company that maintains a place of business at 1811 Bering Dr., Suite 200, Houston, Texas 77057.

37.     Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Social Positioning Input Systems, LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

<u>JURISDICTION</u>

38.     Mobisoft incorporates by reference Paragraphs 36-37 above.

39.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

40.     SPIS has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

41.     Based solely on SPIS's filing of this action, venue is proper for purposes of these Counterclaims in this District pursuant at least to 28 U.S.C. §§ 1391 and 1400.

COUNT I
DECLARATION REGARDING NON-INFRINGEMENT OF THE '365 PATENT

42.     Mobisoft incorporates by reference the allegations contained in Paragraphs 35–41 above.

43.     Based on SPIS's filing of this action and at least Mobisoft's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Mobisoft infringes U.S. Patent No. 9,261,365 (the "'365 Patent").

44.     Mobisoft does not infringe at least Claim 1 of the '365 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Mobisoft practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

8

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Mobisoft requests a declaration by the Court that Mobisoft has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

COUNT II
DECLARATION REGARDING INVALIDITY

46.     Mobisoft incorporates by reference the allegations contained in Paragraphs 35–45 above.

47.     Based on SPIS's filing of this action and at least Mobisoft's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent..

48.     On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

49.     For example, the '365 Patent is invalid for failure to comply with 35 U.S.C. § 101. The '365 Patent claims nothing more than an abstract idea—it fails to claim an inventive concept.

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Mobisoft requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

51.     Mobisoft does not have an adequate remedy at law.

PRAYER FOR RELIEF

52.    WHEREFORE, Mobisoft asks this Court to enter judgment in Mobisoft's favor against SPIS by GRANTING the following relief:

a.  A declaration that the '365 Patent is invalid;

b.  A declaration that Mobisoft does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

c.  A declaration that SPIS take nothing by its Complaint;

d.  Judgment against SPIS in favor of Mobisoft;

e.  Dismissal of the Complaint with prejudice;

f.  A finding that this case is an exceptional case under 35 U.S.C. § 285 and award Mobisoft its costs and attorneys' fees incurred in this action; and

g.  All further relief, general or special, in law or equity, as the Court deems just and proper.

JURY DEMAND

53.    Mobisoft hereby demands trial by jury on all issues.

Dated: June 8, 2021.                        Respectfully Submitted,

**SPONSEL MILLER GREENBERG PLLC**

***/s/ Thane Tyler Sponsel III***
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068
Texas State Bar No. 24056361
Roger Greenberg
Federal ID No. 3932
Texas Bar No. 08390000
Allen Landon
Federal ID No. 3028753
Texas State Bar No. 24091870
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400

Fax: (713) 892-5401
Email: sponsel@smglawgroup.com
Email: roger@smglawgroup.com
Email: allen.landon@smglawgroup.com

**Counsel for Defendant Mobisoft Infotech, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of June 2021, I electronically transmitted the attached ***Defendants' Original Answer, Affirmative Defenses and Claims*** to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jay Johnson
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
(214) 451-0165 Facsimile
jay@kjpllc.com

**Counsel for the Plaintiff**

                              ***/s/Thane Tyler Sponsel III***
                              Thane Tyler Sponsel III

11